CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 18 2007

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS D. CALLOWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:07cv00297 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRIS WEBB, <u>et al.</u>, | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

Plaintiff Marcus D. Calloway, a Virginia inmate proceeding <u>pro se</u>, brings this action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. As relief, Calloway seeks "actions for pain and suffering for the past 6 months." The court finds that Calloway has failed to state a claim upon which the court may grant relief; and, therefore, the court dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Calloway alleges that on November 26, 2006, while at Blue Ridge Regional Jail, he slipped and fell in the bathroom when coming out of the shower. He claims that his arm swelled and he could not "open it or bend it for about 4 or 5 weeks." He states that he went to the jail staff for help and told them he needed to go to the hospital to have his arm looked at because it appeared to be "out of place." Calloway concedes that he was examined by three medical technicians who repeatedly told him that there was no need to go to the hospital. He also concedes that he was seen by defendant Dr. Dobyns, but states that Dr. Dobyns did not give him "proper medical attention." In the grievances Calloway provides as attachments to his complaint, the jail authorities responded stating that when Calloway was examined by the medical technicians, he displayed no sign or symptoms of a broken bone. Further, their response states that Calloway refused his initial appointment with Dr. Dobyns, but that during his second appointment on December 20, 2006, his arm was x-rayed and he was prescribed medication.

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to establish that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

In this case, Calloway concedes that he was seen by several medical personnel, including the jail physician, Dr. Dobyns. Furthermore, grievances indicate and Calloway does not deny, that at his appointment with Dr. Dobyns, x-rays were taken of his arm. Accordingly, though Calloway may desire different treatment, the court finds his claim amounts to nothing more than a doctor-patient disagreement regarding diagnosis and proper course of treatment, which is not actionable under the Eighth Amendment.[1]

## IV.

For the reasons stated herein, the court dismisses Calloway's suit pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This 18th day of June, 2007

United States District Judge

---

[1] Furthermore, Calloway fails to make any allegation against defendant Chris Webb. To state a cause of action under § 1983, a plaintiff must allege that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Accordingly, the court finds that Calloway cannot maintain his claim against defendant Webb.